## MOORHEAD et ux. v. FIDELITY BLDG. & LOAN ASS'N.

No. 19294.   Opinion Filed Oct. 14, 1930.

T. R. Wise and E. G. McComas, for plaintiffs in error.

Park Wyatt and Oscar Speed, for defendant in error.

HERR, C. This is an action originally brought in the district court of Beckham county by James F. Moorhead and Ina May Moorhead against the Fidelity Building & Loan Association to cancel a mortgage on certain town lots in Elk City, Okla.

The contention of plaintiffs is that the mortgage is without consideration. The defendant loan association contends that the mortgage was executed by plaintiffs to secure a loan by it to them in the sum of $2,000; that the proceeds of the loan were

remitted by draft to defendant James F. Moorhead and one J. W. Logan, jointly; and that both indorsed the draft and that plaintiffs received the proceeds thereof. Defendant also filed a cross-petition wherein it asks judgment against plaintiffs for the amount of said loan and for foreclosure of its mortgage. Plaintiffs admit the execution of the mortgage, but claim they never received the proceeds, and further contend that the purported indorsement on the draft by James F. Moorhead is a forgery. The trial court found against the contentions of plaintiffs and rendered judgment in favor of defendant on its cross-petition for the sum of $1,819.08, with interest thereon at 10 per cent. from August 31, 1927, for costs of the suit, and 10 per cent. attorneys' fees, and for foreclosure of its mortgage. Plaintiffs appeal.

The main assignment is that the judgment is not sustained by the evidence. Plaintiffs both testified that they received nothing on the mortgage and that the purported indorsement of James F. Moorhead on the draft is not his genuine signature, but that the same is a forgery. Plaintiffs offered three expert witnesses, two of whom testified that, in their opinion, the indorsement appearing on the draft was not the genuine signature of Mr. Moorhead. The other witness, however, testified to the contrary. Defendant offered two expert witnesses, both of whom testified that, in their opinion, the indorsement appearing on the draft was the geniune signature of Mr. Moorhead. Numerous signatures admitted to be the genuine signatures of plaintiff James F. Moorhead were admitted in evidence for comparison. The originals of these signatures appear in the case-made. Several payments have been made on this loan, by whom the record does not disclose. Plaintiffs, however, testify that none of these payments were made by them. After considering all the evidence, the trial court found the indorsement on the draft to be the genuine signature of plaintiff James F. Moorhead, and rendered judgment accordingly. We cannot say that this finding is against the clear weight of the evidence.

The mortgage was executed August 31, 1925; no complaint was ever made by plaintiffs direct to defendant that they had not received the proceeds of this loan until the filing of this suit, which was in August, 1927. The loan in question was negotiated by J. W. Logan, as agent for defendant, who appears to have absconded immediately prior to the filing of this suit and it was, therefore, impossible for either party to obtain his evidence. We have carefully examined the record and have also examined plaintiff's purported signature on the draft and compared the same with his admittedly genuine signatures as shown by the case-made, and if the indorsement on the draft is not his genuine signature, we are not sufficiently expert to discover the difference. We would not be warranted in reversing the judgment on the ground that the same is against the clear weight of the evidence.

Complaint is made by plaintiffs that the trial court refused to permit Mrs. Moorhead to testify that on August 26 and 30, 1926, she had a conversation with J. W. Logan in which Mr. Logan advised her that the loan had not been closed for the reason that the title had not yet been perfected. In our opinion, the court might have properly admitted this evidence. Mr. Moorhead, however, was permitted to testify in regard to a like conversation, and we fail to see how plaintiffs could have been prejudiced by the rejection of this evidence. The trial court had the witnesses before it, and had before it Mr. Moorhead's genuine signatures for comparison with the signature indorsed on the draft, and evidently came to the conclusion that the indorsement was the genuine signature of Mr. Moorhead. In these circumstances, the evidence sought to be introduced, even though admitted, would not likely have changed the result. The error in its exclusion is, therefore, harmless.

The judgment should be affirmed.

Request has been made by defendant for judgment against the sureties on the supersedeas bond. It appears that supersedeas bond was duly executed by plaintiffs with N. M. Bass, Paul E. Peeler, and Ida B. Zollman as sureties. Copy of this supersedeas bond appears in the record. The request of defendant should be granted.

It is, therefore, considered, ordered, and adjudged that the defendant, Fidelity Building & Loan Association, a corporation, have and recover against N. M. Bass, Paul E. Peeler, and Ida B. Zollman, sureties on the supersedeas bond, the sum of $1,819.08, with interest thereon at the rate of 10 per cent. per annum from August 31, 1927, until paid; and the further sum of $181.90, as attorneys fee; and all costs of suit.

TEEHEE, DIFFENDAFFER, EAGLETON, and REID, Commissioners, concur.

By the Court: It is so ordered.

Note.—See under (1) 2 R. C. L. p. 206; R. C. L. Perm. Supp. pp. 377, 379.